

Epstein Drangel LLP
60 East 42nd Street, Suite 2520, New York, NY 10165
T: 212.292.5390 • E: mail@ipcounselors.com
www.ipcounselors.com

July 7, 2020

MEMO ENDORSED

**VIA ECF ONLY**
Judge Laura Taylor Swain
United States District Court S.D.N.Y.
500 Pearl Street, Courtroom 17C
New York, NY 10007

Re: *Ideavillage Products Corp. et al v. Liuzhou Weimao Mobile Accessory Co., Ltd. et al*
Civil Action No. 1:20-cv-04997-LTS
Letter Motion to Seal Plaintiffs' Application

Dear Judge Swain:

We represent Plaintiff Ideavillage Products Corp. and Plaintiff IDVC, LLC (collectively, referred to as "Plaintiffs" or "Ideavillage") in the above-captioned case, and are writing, pursuant to Rule 5(b)(ii) of Your Honor's Individual Practices, and 15 U.S.C. § 1116(d)(8), to respectfully request that Plaintiffs' *ex parte* application for, among other things, a temporary restraining order (the "Application"), and all documents in support thereof, including Plaintiffs' memorandum of law and the Declarations of Jason M. Drangel and LoriAnn Lombardo, as well as any order of the Court granting such relief, be temporarily filed under seal.

While acknowledging the presumption of public access to judicial documents arising from both the First Amendment and common law, Plaintiffs respectfully submit that the irreparable harm—lost sales, loss of goodwill and loss of control of their reputation with licensees, retailers and consumers, and the potential loss of their ability to pursue their claims against Defendants—that they have suffered, and will continue to suffer, should the Court deny this application to seal as a result of Defendants' knowing and intentional infringing and counterfeiting activities is sufficient to overcome the presumption of public access for a brief and definite amount of time. *See Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. Aug. 10, 2017).[1] As detailed in the Declarations of Jason M. Drangel and LoriAnn Lombardo, if Defendants are given notice of the precise relief sought by Plaintiffs in the Application, it is highly likely that Defendants will take steps that will effectively preclude Plaintiffs from obtaining the relief sought therein. It is worth noting that Congress expressly allowed for *ex parte* remedies in counterfeiting cases brought under 15 U.S.C. § 1116, like the instant one, to prevent counterfeiters given prior notice from disappearing or quickly disposing of infringing inventory, records or assets relating to their counterfeiting and illegal actions. *See* Senate-House Joint Explanatory Statement on trademark Counterfeiting Legislation, 130 Cong. Rec. H12076, at 12080 (Oct. 10, 1984).

[1] Notably, the plaintiff in *Under Seal* was initially permitted to file the matter under seal. After sealing the matter, the Court subsequently denied the defendant's request for the continued sealing of the case, finding that "[f]or the same reasons defendant cannot overcome the presumption of public access to judicial documents, defendant has not made a showing of irreparable harm necessary to justify the extraordinary relief of a preliminary injunction." *Under Seal*, 273 F. Supp. 3d 460, 472 (S.D.N.Y. Aug. 10, 2017). Here, Ideavillage only requests that it be allowed to file its Application under seal, and that those filings remain under seal for a short and definite period to avoid further irreparable harm to Ideavillage, the reasons for which are clearly set forth in the Application. In other words, Ideavillage does not seek an extended or permanent seal of its Application. *See* Proposed Order, submitted with the Application.

Honorable Laura Taylor Swain
July 7, 2020

Plaintiffs' request to file the Application under seal is narrowly tailored in time and scope. *See* Proposed Order, submitted with the Application. Accordingly, Plaintiffs respectfully request that the Court grant their request to temporarily file the Application under seal.

We thank the Court for its time and consideration.

Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY: s/ *Kerry B. Brownlee*

Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiffs*

The foregoing motion is granted. Docket Entries 18, 19 and 20, and the restraining order issued today, July 8, 2020, and any transcript of the ex parte hearing held today, July 8, 2020, shall be maintained under seal, with access restricted to Plaintiffs and the Court, in accordance with Paragraph VII(A) of the restraining order, pending further order of the Court. DE# 17 resolved.
SO ORDERED.
7/8/2020
/s/ Laura Taylor Swain, USDJ

ip counselors